# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TERRY JOE BLOUNT**                                                  **PLAINTIFF**

**V.**                                                 **NO. 3:17CV00012-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held February 26, 2018, the court finds the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ failed to properly assess the opinion of Dr. Madena Gibson (the state agency medical consultant) that the claimant could only lift *less* than ten pounds, frequently. In determining the claimant was capable of performing the full range of light work– except that he could only occasionally reach overhead and in all other directions with the left upper extremity–the ALJ rejected Dr. Gibson's opinion without explanation. And, considering the nature of the claimant's impairments, including obesity, hypertension, and heart disease, among others, the ALJ, a layperson, was not qualified–without a medical basis in the record–to decide how much weight the claimant could frequently lift.

On remand, the ALJ must either reassess Dr. Gibson's medical opinion, provide good cause for rejecting Dr. Gibson's limitation regarding the amount of weight the claimant could frequently lift, and point to substantial evidence supporting the claimant's ability to frequently lift up to ten pounds *or* modify the ALJ's RFC determination to include Dr. Gibson's opinion regarding frequent lifting and consult a vocational expert for supplemental evidence regarding whether and to what extent there is further erosion of the job base. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED IN PART AND REMANDED for further proceedings.**

This, the 27th day of February, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE